IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00107-MR-WCM

| | | |
|---|---|---|
| **CHET-LEE: WEST,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **PURPORTED AGENTS OF** | ) | |
| **SECRETARY OF TREASURY OF** | ) | |
| **UNITED STATES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court *sua sponte.*

I.  **BACKGROUND**

In 2013, a grand jury sitting in the District of Nebraska returned a Bill of Indictment charging the Plaintiff Chet Lee West with three counts of tax evasion, in violation of 26 U.S.C. § 7201.  [United States v. West, No. 8:13-cr-00273-LSC-SMB (D. Neb.) ("Neb. CR"), Doc. 1: Indictment].  The Plaintiff was convicted by a jury on all three counts.  [Neb. CR Doc. 154].  The United States District Court for the District of Nebraska sentenced him to 51 months' imprisonment and three years of supervised release and ordered him to pay restitution in the amount of $439,515.81 plus a $300.00 special assessment.  [Neb. CR Doc. 205].

The Plaintiff appealed, challenging several evidentiary rulings made at trial as well as two special conditions of supervised release that were imposed. [Neb. CR Doc. 210]. In July 2016, the Eighth Circuit vacated the challenged special conditions of supervise release but affirmed the Plaintiff's conviction and sentence in all other respects. United States v. West, 829 F.3d 1013 (8th Cir. 2016). On remand, the Nebraska District Court entered an Amended Judgment removing the challenged special conditions but otherwise leaving the Plaintiff's sentence intact. [Neb. CR Doc. 241]. The Plaintiff again appealed, but later voluntarily dismissed that appeal. [See Neb. CR Docs. 249, 253].

The Plaintiff was released from the Bureau of Prisons (BOP) on November 2, 2018.[1] Following his release, the Plaintiff filed a motion with the Nebraska District Court, seeking to abate his payments of restitution, to recuse the District Judge from further proceedings, and to allow him to associate with other felons while on supervised release. [Neb. CR Doc. 259]. The Nebraska District Court denied the Plaintiff's motion in all respects on February 21, 2019. [Neb. CR Doc. 261].

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 12, 2019).

On April 3, 2019, the Plaintiff filed the present "petition for redress of grievance" in this Court.² Although he provides a Whittier, North Carolina address, the Plaintiff claims in his filing to be a "a live Man, Florida State Citizen." [Doc. 1 at 1]. He brings this action against several "purported agents" of the United States Treasury Department, the United States Attorney General, and the BOP, as well as the director of a Virginia halfway house where the Plaintiff resided during his term of imprisonment. Specifically, the Plaintiff alleges that the Defendants conspired to deprive the Plaintiff of his constitutional rights in that the Defendants were "partially successful at stealing from Plaintiff over one half million 'dollars' . . . and 15 years of his Life, Liberty, and Production, recently assessed at fifty million 'dollars.'" [Id. at 5].

The Plaintiff then spends over 100 pages explaining a series of convoluted legal theories to support his contention that he is not subject to

---

² The Plaintiff initially failed to pay the required filing fee or seek an application to proceed without the prepayment of fees. When provided with notice of this deficiency by the Clerk's Office, the Plaintiff filed a motion, arguing that he was not required to pay a fee or seek *in forma pauperis* status. [Doc. 3]. The Magistrate Judge for this Court denied that motion and directed the Plaintiff to cure his filing deficiency. [Doc. 4]. The Plaintiff then filed an objection with this Court, challenging the Magistrate Judge's authority to enter such an Order. [Doc. 5]. This Court overruled the Plaintiff's objection and directed him to pay the filing fee or file the appropriate application. [Doc. 6]. On June 5, 2019, the Plaintiff finally paid the required filing fee, albeit "under protest." [See Doc. 7 at 6].

federal income tax laws and that the Nebraska District Court lacked jurisdiction over his criminal prosecution. In addition to challenging the validity of his criminal conviction, he also challenges various aspects of his treatment while in BOP facilities in New Jersey and Pennsylvania as well as in a halfway house in Virginia.

The Plaintiff asks this Court to: (1) issue a stay of the Nebraska District Court Judgment; (2) issue writs of mandamus to various federal authorities and compel them to "acknowledge the dissolution of the CHET LEE WEST/CHET L. WEST juristic person"; (3) order a "full accounting" of all accounts held by the federal government in the name of CHET LEE WEST/CHET L. WEST; (4) empanel a jury under "the civilian flag" of the United States; (5) order the Defendants and the United States to pay damages to the Plaintiff; (6) indict the Assistant United States Attorney who prosecuted the Plaintiff; and (7) report the Nebraska District Court Judge to the appropriate review board for "malfeasance" in his criminal case. [See Doc. 1 at 218-19].

## II. STANDARD OF REVIEW

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma*

*pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable.  Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").

## III.  DISCUSSION

The Plaintiff's filing appears to rely on legal theories similar to those espoused by individuals who are commonly called "sovereign citizens."  The sovereign citizen movement is premised on a theory that federal, state, and local governments are illegitimate and thus, laws and regulations enacted by those bodies are unenforceable.  See Shipman v. Bank of Am., No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017), report and recommendation adopted in part sub nom. Shipman v. Funds Mgmt.

Branch, No. 3:16-CV-772-RJC-DSC, 2018 WL 3872320 (W.D.N.C. Aug. 15, 2018). Courts across the United States have rejected the legal claims and defenses asserted by sovereign citizens, finding such claims and defenses to be "frivolous, irrational and unintelligible." Id.; see also United States v. Mitchell, 405 F. Supp. 2d 602, 604-06 (D. Md. 2005) (summarizing history of "sovereign citizen" legal theories).

The Court need not address the merits of the Plaintiff's sovereign citizen theories, however, because it is clear on the face of the Plaintiff's petition that this Court lacks jurisdiction to entertain any of the Plaintiff's claims. The Plaintiff appears to assert in his petition that jurisdiction is proper in this Court because this Court is a "FEDERAL District Court of the United States created by the power of Article III of the Constitution" and the District Court of Nebraska is purportedly a mere "territorial court." [Doc. 1 at 3]. This jurisdictional argument is utterly frivolous. See 28 U.S.C. § 107 (establishing the State of Nebraska as one judicial district).

This Court has no jurisdiction to review the Judgment of the United States District Court for the District of Nebraska. Only the Eighth Circuit Court of Appeals has jurisdiction to exercise appellate review over that Judgment, and that Court has already done so twice, affirming the Plaintiff's

6

conviction and sentence in all respects (save for the imposition of two special conditions).

Moreover, to the extent that any cognizable claims still exist regarding the Plaintiff's treatment while in BOP custody, such claims must be brought in the districts where the Plaintiff claims the allegedly wrongful conduct occurred. See 28 U.S.C. § 1391(b). As the Plaintiff does not claim that any of the allegedly wrongful conduct occurred in this District, he cannot bring such claims here.

The Plaintiff is advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555

(4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Petition for Redress for Grievance" is **DISMISSED**.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: July 12, 2019

Martin Reidinger
United States District Judge